UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| COLONIAL WHOLESALE BEVERAGE | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| LOCAL 59, INTERNATIONAL BROTHERHOOD OF TEAMSTERS | ) |
|  | ) |
| Defendant | ) |

**COMPLAINT TO VACATE ARBITRATOR'S DECISION AND AWARD**

**Introduction**

The Plaintiff hereby requests this Court to vacate the part of the Award (*see* Exhibit 1) of Lawrence T. Holden, Jr., the arbitrator of the matter, dated November 17, 2020, finding in favor of the reinstatement of Michael Jenney after he had been terminated by his employer, the Plaintiff, for testing positive for cocaine while operating one of the Plaintiff's vehicles and while on the job. The Plaintiff terminated Jenney based on its substance abuse policy as outlined in the plain language of its collective bargaining agreement ("Agreement") (*see* Exhibit 2) and the Plaintiff's Employee Handbook ("Handbook") (*see* Exhibit 3), which was signed by Jenney. The Plaintiff's substance abuse policy is rooted in its belief that allowing the kind of reckless behavior demonstrated by Jenney, poses too high of a threat to the Plaintiff's business, to the public at large, and to the other members of the Plaintiff's staff in terms of the future liability, the reputational harm, the distrust from its clients, the increases to its insurance premiums, the breakdown in worker dependability, the threat of toxicity in the workplace, and – most importantly – the immeasurable public safety concerns.

1

The arbitrator's Award exceeded the clear confines of the question posed by both parties and replaced the plain meaning of the Agreement and the Handbook with the arbitrator's "own notions of industrial justice."  From the start of his Analysis section, the arbitrator exceeded his authority beginning with how he framed what were the bounds of his inquiry as arbitrator.  (*See* Exhibit 1, p. 8).  Instead of focusing on the question posed by the Union and the Plaintiff as to whether the Plaintiff had just cause to terminate and then, *if not*, what was the appropriate remedy – the arbitrator *instead* focused his Analysis section on the overly broad issue of "what should be the appropriate outcome for Jenney in light of his positive test result."  (*See* Exhibit 1, p. 8).  This overly broad approach came to infect his Analysis, which focuses on what the *remedy* ought to have been, instead of just focusing on the limited question posed to him by the parties, which was whether the Plaintiff had *just cause* to terminate Jenney.  (*See* Exhibit 1, p. 1).  The arbitrator *did* determine that, under the clear terms of the Agreement and the Handbook, the Plaintiff "has retained discretion, bounded by the contractual principle of just cause decision-making, as to the manner in which it will deal with violations of its substance abuse policy." (*See* Exhibit 1, p. 9).  This finding by the arbitrator *should* have been the end-point of the arbitrator's inquiry and *should* have amounted to a decision reflecting the Plaintiff's just cause discretion to terminate Jenney instead of triggering the need to inquire into the proper remedy for Jenney's failure of a drug test.  Instead, to render his Award, the arbitrator misapplied tangential evidence beyond the plain meaning of the Agreement and the Handbook.  In looking at this tangential evidence, the arbitrator violated the Agreement's prohibition against an arbitrator from attempting "to add to, subtract from or modify any of the terms of this Agreement or any agreements supplemental thereto," which includes the Handbook.  (*See* Exhibit 2, Article 25.2).

In sum, by not following the plain meaning of the Agreement and the Handbook and not

following the question posed to him by the Union and the Plaintiff, the arbitrator exceeded his authority and replaced the plain meaning of the Agreement and the Handbook with his own brand of industrial justice.  Thus, the Plaintiff asks this Court to vacate the arbitrator's Award.

**Jurisdiction**

1. This is a Complaint for vacation of an arbitrator's decision and award pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. sec. 185.

2. The Plaintiff is Colonial Wholesale Beverage Co. ("Plaintiff"), a Massachusetts Corporation doing business in Massachusetts, with a Massachusetts business address of 970 Old Reed Road, North Dartmouth, MA, 02747, and an "employer" within the meaning of Section 2 of the National Labor Relations Act ("Act"), 29 U.S.C. sec. 152.

3. The Defendant is Local 59, International Brotherhood of Teamsters ("Union"), which is a labor organization doing business in Massachusetts, with a business address of 27 South Sixth Street, New Bedford, MA 02740, and a "labor organization" within the meaning of Section 2(5).

4. This Court has jurisdiction of this matter pursuant to 29 U.S.C. sec. 185, and 28 U.S.C. sec. 1331 (federal question jurisdiction).  Venue is appropriate in this Court pursuant to 28 U.S.C. sec. 1391(b),

**Factual Background**

5. For more than eighty years, the Plaintiff has been a family business committed to the distribution of quality beverage products and has become known for its strong commitment to its clients, its employees, and the people of Southeastern Massachusetts.

6. Jenney was a commercial driver's license (CDL) driver for the Plaintiff.

7. Jenney was a member of the bargaining unit represented by the Union and was covered under the Agreement from 2017-2022. (*See* Exhibit 2). Jenney signed the Plaintiff's Handbook. (*See* Exhibit 3; Exhibit 4).

8. Jenney failed a drug test that was collected on Friday, August 16, 2019. Jenney's August 16th test was "positive" for cocaine, revealing that Jenney had been operating one of the Plaintiff's vehicles while under the influence of cocaine, an illegal drug. (*See* Exhibit 5). Jenney was then terminated on August 26, 2019 based on the Plaintiff's substance abuse policy.

9. The Plaintiff's substance abuse policy, as outlined in the Agreement and the Handbook, is as follows: the Plaintiff will immediately terminate an employee for operating one of its vehicles or pieces of equipment while on the job and while under the influence, which includes <u>*any*</u> trace of illegal drugs and alcohol above the legal limit in Massachusetts. (*See* Exhibit 1, p. 3-4). The Plaintiff applies this substance abuse policy evenly and does not take exception to an employee's otherwise clean record. In fact, two employees were previously fired by the Plaintiff for each operating one of the Plaintiff's vehicles at a work-event while under the influence of alcohol. There are four examples of employees who did received second chances. However, these four employees were caught driving under the influence (DUI) while they were <u>*off* the job</u> and while they were driving *their* <u>*own* vehicles</u>. The reinstatement of these individuals who received DUI's while off the job and while in their own vehicles was agreed to have a non-precedential effect of subsequent terminations. (*See* Exhibit 6).

10. In December of 2019, Jenney challenged his termination at a grievance meeting with

members of the Plaintiff's management team.

11. The matter went to arbitration on October 6, 2020.

12. For the arbitration, the arbitrator was posed by both parties the narrow question: "Did the [Plaintiff] have just cause to terminate the employment of Michael Jenney, on or about August 26, 2019? If not, what shall the remedy be?" (*See* Exhibit 1, p. 1).

13. The arbitrator's authority to reach this decision derived from the clear terms of the Agreement, which included the limiting instruction that the arbitrator "did not have the power to add to, subtract from or modify any of the terms of this Agreement or any agreements supplemental thereto." (*See* Exhibit 2, Article 25.2). The language "any agreements supplemental thereto" encapsulated the Plaintiff's Handbook, which the arbitrator considered for his Award.

14. At the arbitration, Jenney testified that he ingested cocaine on Saturday, August 10, 2019. Jenney testified that he had notice that he would be terminated from operating one of the Plaintiff's vehicles or pieces of equipment while on the job and while under the influence of cocaine. (*See* Exhibit 1, p. 4).

15. The Agreement grants broad management authority to the Plaintiff "to relieve employees" for "legitimate business reasons" in its Management Rights Clause. (*See* Exhibit 2, Article 4). In addition, in its Discharge and Suspension article, the Plaintiff has the just cause discretion to terminate an employee without warning for violating the broad catch-all of "any serious matter." (*See* Exhibit 2, Article 14).

16. For purposes of illicit drug use, the Agreement prohibits illicit drug use by its employees. (*See* Exhibit 2, Article 18.13).

17. The Handbook details the prohibitions surrounding unlawful substances *and* "that the

    Company retains discretion as to the quantum of the discipline regarding violations of its substance abuse policy." (*See* Exhibit 1, p. 9). The Plaintiff's Handbook grants the Plaintiff the discretion to immediately terminate an employee who engaged in the Handbook's prohibited conduct. (*See* Exhibit 3, p. 9-10).

18. The arbitrator determined that, under the plain language of the Agreement and the Handbook, the Plaintiff "has retained discretion, bounded by the contractual principle of just cause decision-making, as to the manner in which it will deal with violations of its substance abuse policy." (*See* Exhibit 1, p. 9).

19. The arbitrator concluded that the Plaintiff did not have just cause to terminate the employment of Jenney and that Jenney should be reinstated forthwith to employment with the Employer and shall be made whole for all benefits lost except for back pay.

**Count 1**

20. The Plaintiff hereby realleges the facts set forth in paragraphs 1-19 above as though fully set forth therein.

21. The arbitrator's Award is in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. sec. 185, and Massachusetts General Law, G.L. c. 150C, sec. 11, in that:

    a. The arbitrator exceeded his authority under the Agreement by attempting "to add to, subtract from or modify any of the terms of th[e] Agreement or any agreements supplemental thereto" when he failed to give proper weight to the Agreement's broad grant of management authority to the Plaintiff "to relieve employees" for "legitimate business reasons" in its Management Rights Clause. (*See* Exhibit 2, Article 4, Article 25.2);

b. The arbitrator exceeded his authority under the Agreement by attempting "to add to, subtract from or modify any of the terms of th[e] Agreement or any agreements supplemental thereto" when he contemplated unrelated evidence, *despite* his finding that based on the Agreement and the Handbook that the Plaintiff "has retained discretion, bounded by the contractual principle of just cause decision-making, as to the manner in which it will deal with violations of its substance abuse policy;" (*see* Exhibit 2, Article 25.2; *see* Exhibit 1, p. 1, 9);

c. the arbitrator exceeded his authority by not following the question posed by the Plaintiff and the Union – about whether the Plaintiff had just cause to terminate and then, *if not*, what was the appropriate remedy – when he *instead* inquired into a remedy for Jenney *despite* his stated finding that based on the plain meaning of the Agreement and the Handbook that the Plaintiff "has retained discretion, bounded by the contractual principle of just cause decision-making, as to the manner in which it will deal with violations of its substance abuse policy;" and as such, the arbitrator chartered into an unnecessary remedy inquiry; (*see* Exhibit 2, Article 25.2; *see* Exhibit 1, p. 1, 9);

d. the arbitrator exceeded his authority by not following the question posed by the Plaintiff and the Union – about whether the Plaintiff had just cause to terminate and then, *if not*, what was the appropriate remedy – when he *instead* focused his Analysis section on the overly broad issue of "what should be the appropriate outcome for Jenney in light of his positive test result;" and as such, the arbitrator took an overly broad approach to his just cause inquiry; (*see* Exhibit 1, p. 1, 8-12)

e. the arbitrator exceeded his authority and replaced the plain meaning of the

1242369.v1

Agreement and the Handbook with his own brand of industrial justice.

**WHEREFORE**, Plaintiff requests this Court to VACATE the arbitrator's award and award any other relief the Court deems just.

Respectfully Submitted,
Colonial Wholesale Beverage Co.
By its attorneys,


/s/ Kier Wachterhauser
Arthur Murphy, BBO #362020
amurphy@mhtl.com
Kier Wachterhauser, BBO #681772
kwachterhauser@mhtl.com
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
Quincy, MA 02169
Telephone: (617) 479-5000
Facsimile: (617) 479-6469
Dated: December 1, 2020
